**Larry Wayne LLAMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–97–0449–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 15, 1998.

Discretionary Review Granted March 31, 1999.

Victor R. Blaine, Houston, for appellant.

Harris County District Attorney's Office, John B. Holmes, Jr., Alan Curry, Houston, for appellee.

Before BOYD, C.J. and DODSON and REAVIS, JJ.

## ON MOTION FOR REHEARING

DODSON, Justice.

Appellant Larry Wayne Llamas was indicted for possession of a motor vehicle with obliterated identification numbers and possession of a controlled substance. Appellant plead not guilty to both charges. The causes were consolidated for trial, and the jury found appellant not guilty of possession of a controlled substance and guilty of possession of a motor vehicle with obliterated identification numbers. After making findings of true as to the allegations in the two enhancement paragraphs, the trial court assessed punishment at confinement for 25 years. By two points of error, appellant asserted that the trial court erred in consolidating the two indictments for trial, and in admitting hearsay

evidence concerning extraneous offenses. By our opinion dated September 4, 1998, we reversed and remanded the case for a new trial. Our original opinion is withdrawn, and this one is substituted in its place.

Based on a Crime Stoppers tip, Houston police set up surveillance of a residence in northeast Houston. Police were told that appellant was in possession of stolen motor vehicle parts. On February 14, 1994, two officers observed the residence. They saw a vehicle that matched the description given by the anonymous informant. The vehicle, an "early eighties" pickup truck, had mismatched doors. One door was left open on the truck. Through binoculars, the officers could see the vehicle identification number on the open door had been altered or removed.

Appellant came out of the residence and entered the vehicle. The officers contacted patrol officers to make a stop. However, before the patrol officers arrived, appellant pulled into a parking lot. The investigating officers approached and identified themselves. One officer told appellant he worked in automobile theft, to which appellant responded by saying, "You want to know about the Suburban doors. Just take them." Appellant would not tell the officers where the doors came from, simply saying he had obtained them. An officer asked appellant if he obtained the doors legally or illegally. Appellant said he obtained them illegally, but that he did not want to incriminate himself. At that time, the officers arrested appellant.

Officers inventoried the truck and found a small envelope that field tested as cocaine. Further inspection of the vehicle revealed that the doors did not belong on the vehicle, the vehicle identification number had been altered, the vehicle identification number on the engine was ground off, and that the engine belonged to a later model Suburban.

Appellant was indicted for possession of cocaine and tampering with identification numbers by two separate indictments. At a pre-trial hearing, the trial court granted the State's motion to consolidate the two indictments over appellant's objection. A jury found appellant guilty of possession of a vehicle with altered identification numbers and not guilty of possession of cocaine.

■ By his first point of error, appellant contends that the trial court erred in consolidating the two indictments for trial over his objection. It is his position that pursuant to section 3.04 of the Texas Penal Code, a defendant has an absolute right to sever consolidated offenses and have separate trials. We agree.

On February 20, 1997, Judge Debbie Stricklin held a hearing on the State's motion to consolidate. The hearing was held off the record, so there is no reporter's record of that discussion. However, the next day, Judge Donald Shipley presided over a hearing on appellant's motion to quash the indictment. Toward the end of that hearing, the following exchange occurred:

> Defense Counsel: Just for the record, Judge, yesterday we were off the record with Judge Stricklin regarding *the State has filed a written motion to consolidate these two offenses and try both indictments together. We would like the record to note our objection to that. We are opposed to it. We want the State to elect and proceed only on one indictment.*(emphasis added).

> The Court: I take it the Judge ruled on that yesterday?

> Prosecutor: The Judge granted my motion and overruled the Defense objection. That's correct.

■ "Whenever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses." Tex. Penal Code Ann. (Vernon

1994).[1] A trial court's failure to sever despite a defendant's objection to joinder of cases is reversible error. *See Warmowski v. State*, 853 S.W.2d 575, 578 (Tex.Cr. App.1993). The mandatory language of the Penal Code invests absolute discretion in the defendant to make the decision. *Id.*

The State contends that appellant's objection was not a motion to sever, but rather a motion to elect. The State cites *Coleman v. State*, 788 S.W.2d 369 (Tex.Cr. App.1990) in support of this assertion. In *Coleman*, the defendant argued that the State had mis-joined a crime against property and a crime against a person, and that the State was required to elect to proceed under one or the other charge, but could not try both.[2] The Court of Criminal Appeals noted that the defendant never indicated that he desired separate trials, nor did he use any language asserting that the State should elect which count they would "try first." *Id.* at 373. Defense counsel instead referred to the second charge as "superfluous" and argued that the State had to elect to prosecute the first charge. The Court of Criminal Appeals concluded that the defendant's motion did not "clearly" amount to a motion to sever under section 3.04 because it did not apprise the trial court that it was a motion to sever properly joined offenses.

In juxtaposition to *Coleman* is *Overton v. State*, 552 S.W.2d 849 (Tex.Cr.App. 1977). In *Overton*, the defendant filed a motion to quash the indictment, complaining that he could not properly prepare his defense because the joined offenses occurred on different dates, under different circumstances, with different accomplices.

The motion also alleged that the defendant would be prejudiced because the jury would think he was a career robber even though he had never been convicted of a felony before. The defendant also filed a motion to elect, requesting the trial court to elect which offense it would try first so he could prepare his defense accordingly. *Id.* The Court of Criminal Appeals concluded that the two motions timely apprised the trial court that the defendant did not desire to have the offenses joined in a common trial. *Id.* at 850.

In the matter before us, the trial court was informed that appellant was opposed to trying both indictments together. Section 3.04 does not require the defendant to show any prejudice or cause in order to have the offenses tried separately. The Legislature has granted absolute discretion to the defendant to make that determination. Appellant's statements that he objected to trying both indictments together and that he was opposed to it were sufficient to invoke that right. The fact that he went on to say that he wanted the State to elect does not make his opposition to trying the offenses separately something other than a motion to sever. Instead, appellant clearly indicated that he wanted the State to "proceed" on one indictment. He was not arguing and did not request that the State be required to drop one of the two charges. Reading defense counsel's statements as a whole, it is clear that the trial court was apprised that appellant did not want to try both offenses together. Consequently, the trial court erred in overruling appellant's objection to the State's motion to consolidate the trials.

1. Section 3.03 requires that when a criminal defendant is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, his sentences shall run concurrently. Thus, under chapter 3 of the Penal Code, "[w]hile the State benefits by securing multiple convictions and clearing its docket, it relinquishes the opportunity to obtain consecutive sentences. Similarly, while the defendant benefits from concurrent sentencing, he accepts multiple convictions and forfeits his right to demand separate trials which could result in acquittal or conviction of lesser offenses." *Ex parte McJunkins*, 954 S.W.2d 39, 42 (Tex.Cr. App.1997).

2. In 1987, the Legislature amended 3.01 to allow joinder of crimes against persons and property. *See* Acts 1987, 70th Leg., ch. 387, § 1. Prior to the 1987 amendment, the State could only join property crimes for one trial.

The State asserts that we should disregard the error pursuant to Rule 44.2(b) of the Texas Rules of Appellate Procedure.[3] We do not agree. A substantial right under Rule 44.2(b) is affected when the error had a substantial or injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 270–71 (Tex.Cr.App.1997)(citing *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557, 1572 (1946)). Moreover, the term "substantial rights" encompasses not only constitutionally based rights, but also certain statutory rights. *Ford v. State*, 977 S.W.2d 824, 827 (Tex.App.—Fort Worth, 1998). To hold that a mandatory right established by the state legislature can be ignored by trial judges simply because it is not a constitutional right is to allow the judicial branch to ignore mandatory directives of the legislature. *Id.* Finally, in granting authority to the Court of Criminal Appeals to promulgate rules of procedure in criminal cases, the Legislature provided that the "rules may not abridge, enlarge, or modify the substantive rights of the litigants." Act of August 26, 1985, 69th Leg., R.S., ch. 685, § 1, 1986 Tex. Gen. Laws 2472. Thus, Rule 44.2(b) cannot require us to overlook a trial court's failure to honor a mandatory directive of the Legislature. Accordingly, we conclude that the error in this matter affected a substantial right, and is not one we must disregard under Rule 44.2(b).

In that regard, we are aware that the Court of Criminal Appeals has recently concluded that no error is categorically immune from harm analysis. *See Cain v. State*, 947 S.W.2d 262, 263 (Tex.Cr.App.1997)(citing *Matchett v. State*, 941 S.W.2d 922, 926–30 (Tex.Cr.App. 1996)). However, as the Court noted in *Warmowski*, the Legislature has put the question of potential harm in severing the trials to the defendant, providing that he suffer the consequences of his decision one

way or the other. *Warmowski v. State*, 853 S.W.2d at 578. Moreover, "where error defies harm analysis or the data is insufficient to conduct harm analysis, the error will not be proven harmless." *Cain v. State*, 947 S.W.2d at 264.

Rule 44.2(b) is taken from Federal Rule of Criminal Procedure 52(a) without substantive change. Consequently, federal authority applying the federal standard is instructive. The seminal case on non-constitutional error harm analysis is *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). There, the United States Supreme Court explained the substantive right error analysis as follows:

> If, when all is said and done, [the appellate court] is sure that the error did not influence the jury or had but very slight effect, the verdict and judgment should stand, *except perhaps where the departure is from a constitutional norm or a specific command of Congress. Id.* at 764–65, 66 S.Ct. 1239 (emphasis added).

It is clear that in the case before us, the trial court departed from a specific command of the Legislature. Moreover, the situation presented in the matter before us falls into that category recognized by the Court of Criminal Appeals which defies harm analysis. *See Cain v. State*, 947 S.W.2d at 264. The Court of Criminal Appeals has recognized that "[t]he Legislature has put the somewhat 'inscrutable' question of potential harm to the defendant himself...." *Warmowski v. State*, 853 S.W.2d at 578.

By its motion for rehearing, the State questions the wisdom of our reliance on *Warmowski*. In *Warmowski*, the Court of Criminal Appeals concluded that a violation of 3.04 was not subject to harm analysis under old Rule 81(b)(2). The Court relied in part on *Marin v. State*, 851 S.W.2d 275 (Tex.Cr.App.1993) for its decision. However, the *Cain* Court expressly

---

**3.** "Any other error [besides constitutional error subject to harmless error analysis], defect, irregularity, or variance that does not affect

substantial rights must be disregarded." Tex. R.App. P. 44.2(b).

overruled *Marin* to the extent that it conflicted with the holding in *Cain*. *Cain v. State*, 947 S.W.2d at 264.

 Nevertheless, the Court in *Cain* did not overrule *Warmowski* or the other cases addressing mandatory severance under chapter 3 of the Penal Code. Even under *Cain*, the failure to grant a mandatory severance is still error. *Cain* merely admonishes courts of appeals that they "should not automatically foreclose the application of the harmless error test to certain categories of error. Where an error is shown to be harmless, it is not a ground for reversal, regardless of the category or label attached to that particular error." *Cain v. State*, 947 S.W.2d at 264.[4] Appellant's substantial rights were affected when the trial court denied him the mandatory severance under section 3.04. Construing *Warmowski*, *Overton*, and their accompanying body of case law with *Cain*, rather than simply declaring an automatic reversal, we are now moved to ask whether the error is shown to be harmless. We conclude that it is not.

 The State contends that harm was impossible under the facts of this case. It is the State's position that appellant avoided the possibility of consecutive sentences since the charges were tried together, and he was ultimately acquitted of one charge anyway. However, the harm a defendant chooses to avoid when invoking his mandatory right to sever the trials is the "detriment" of consolidation. *See Warmowski v. State*, 853 S.W.2d at 578. It is conceivable that appellant would not have been convicted for either offense had he been granted his request for separate trials. Clearly, evidence as to the cocaine charge was admitted in this trial that would otherwise not be relevant to the possession of altered identification numbers, and vice versa. The record in this case shows that no less than five times during voir dire, venire-persons commented in front of the entire jury panel that they were concerned that appellant had two charges against him. This is exactly the type of harm that section 3.04 allows a criminal defendant, in his sole and absolute discretion, to choose to avoid.[5] We have no way of knowing, and the Legislature has recognized that a criminal defendant has no way of proving, if or how the consolidation of the charges impacted the jury's decision. This is a situation acknowledged by the Court of Criminal Appeals in *Cain* where the error defies harm analysis.

Accordingly, we conclude that a substantial right granted to appellant by the Legislature was violated in the case before us. Additionally, we conclude that the error in

---

4. In this connection, we point out that the court in *Cain* actually decided that where the record established the defendant is a U.S. citizen, article 26.13(a)(4) of the Texas Code of Criminal Procedure is not violated because the section applies only to non-citizen defendants. That article provides that the court must admonish a defendant of "the fact that *if the defendant is not a citizen of the United States of America*, a plea of guilty or nolo contendere may result in deportation" (emphasis added). In legal essence, a harm analysis was unnecessary in *Cain* since the record showed the defendant was a U.S. citizen and article 26.13(a)(4) simply did not apply in that circumstance.

5. Consider this excerpt of the record from jury selection:

 Prosecutor: Do you think that might affect you to vote—cause you to vote guilty, even though you weren't convinced beyond a reasonable doubt?

 Venireman: If I felt the drug charge was going to stick, then yeah, I might think he knew what he was doing.

 \* \* \*

 Venireman: I would be more likely—if the drug charge was proven and it was almost to the very top of saying—you know, you've just got a little bit—couldn't prove he knew that the car was stolen, then I would be thinking, well, yeah, he did know it was stolen too.

A lengthy conversation with the prospective jurors followed regarding whether they would hold the State to its burden of proof on each charge. While most ultimately indicated they would require the State to prove each charge beyond a reasonable doubt, this record reflects that the very threat the section 3.04 allows a criminal defendant to avoid was present in this case.

denying appellant's mandatory right to sever pursuant to a legislative command is one that defies harm analysis. Under *Cain,* the error in such instance is not proven harmless. We sustain appellant's first point of error. Because we have sustained appellant's first point of error which mandates reversal, we do not reach his second point of error. The judgment of the trial court is reversed and the matter remanded for a new trial.

Accordingly, the State's Motion for Rehearing is hereby overruled.