Santos Pablo DOMINGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–98–00433–CR.

Court of Appeals of Texas,
El Paso.

Dec. 14, 2000.

Rehearing Overruled March 21, 2001.

Discretionary Review Refused
Sept. 12, 2001.

Enrique Medrono, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., Karen L. Landinger, Asst. Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a conviction for unlawful possession of a controlled substance, cocaine, and for failure to stop and render aid. For the reasons stated, we affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

On February 20, 1998, Francisco Varela, Jr. was driving his truck on Texas Street when he noticed a car approaching from behind at a high rate of speed. He then felt the impact of being struck and remembered nothing else until he was at the hospital. Shortly after the collision, Martha Arcos, a passenger in a vehicle traveling in the opposite direction on Texas Street, noticed a damaged vehicle driving toward her. Arcos's husband, who was driving the vehicle, swerved to miss the oncoming car. Arcos stated that the hood on the damaged vehicle was standing straight up and the headlights were not on. She said the driver appeared to be holding a flashlight out of his window. Arcos testified that the vehicle was large and maroon or wine colored. The Arcoses continued down Texas Street and came upon a badly damaged truck in the middle of the road. The Arcoses called for help and waited for the police to arrive. Arcos was later asked to identify the vehicle she had seen earlier, which was located at an apartment complex. She testified that the hood was still standing straight up when she saw the vehicle at the apartments.

Officer Gabriel Corral testified that he was dispatched to the scene of a hit and run accident. When he arrived, he met with Varela and witnesses who provided him with a description of the vehicle involved in the accident. Officer Corral

broadcast a description of the vehicle and attempted to follow a trail of fluid left by the damaged car. He eventually returned to the scene and began picking up debris left by the collision. Officer Corral collected a front-end grille of a Chevy vehicle, which was later determined to be that of a Chevy Caprice.

Appellant, Santos Pablo Dominguez, was arrested for driving while intoxicated and failure to stop and render aid. Appellant told Officer Corral that the accident was not his fault because the truck had stopped. Appellant was given a breathalyzer exam which he failed. While Appellant was being booked into jail, the officers located a "diamondfold" containing cocaine in his wallet.

On March 19, 1998, Appellant was charged by indictment with the offense of unlawful possession of a controlled substance, cocaine, (count I) and with the offense of failure to stop and render aid (count II). On September 29, 1998, Appellant filed a motion to sever offenses. After a hearing, the court denied the motion as being untimely filed. The jury convicted Appellant on both counts and the court assessed punishment at one (1) year in State jail, probated for five (5) years' community supervision on count I and three (3) years' confinement in the Institutional Division of the Texas Department of Criminal Justice, probated for three (3) years' community supervision on count II to run concurrently with count I.

## II. *DISCUSSION*

Appellant presents three points of error alleging error in the trial court's failure to sever and attacking the legal and factual sufficiency of the evidence.

### A. Legal and Factual Sufficiency of the Evidence

In determining the legal sufficiency of the evidence to support a crimi-nal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991); *Hernandez v. State,* 946 S.W.2d 108, 110–11 (Tex. App.—El Paso 1997, no pet.). We do not resolve conflicts of fact or assign credibility to witnesses, as it was the function of the trier of fact to accept or reject any, part, or all of any witness's testimony. *See Lucero v. State,* 915 S.W.2d 612, 614 (Tex.App.—El Paso 1996, pet. ref'd). Our duty, rather, is to determine only if the explicit and implicit findings of the trier of fact are rational by viewing all the evidence in a light most favorable to the verdict. *See id.* In doing so, we resolved any inconsistencies in the evidence in favor of the verdict. *See id.*

In reviewing factual sufficiency, we consider all of the evidence, but we do not view it in the light most favorable to the verdict. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Levario v. State,* 964 S.W.2d 290, 295 (Tex. App.—El Paso 1997, no pet.). We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Levario,* 964 S.W.2d at 295. In conducting a factual sufficiency review, the reviewing court cannot substitute its conclusions for those of the jury. *See id.* It is not within the province of this court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *See id.* Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *See id.*

In Points of Error Two and Three, Appellant asserts that the evidence is legally and factually insufficient to support the jury's verdict finding him guilty of count II of the indictment, failure to stop and render aid. Specifically, Appellant argues (1) the evidence is insufficient that he failed to immediately stop the vehicle at the scene of the accident; (2) the evidence is insufficient that he failed to immediately return to the scene of the accident if the vehicle was not stopped at the scene; and (3) the evidence is insufficient that he failed to remain at the scene of the accident until he complied with the requirements of Section 550.023 of the Texas Transportation Code.

In determining the legal sufficiency of the evidence and viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Officer Corral testified that he was dispatched to the scene of a hit and run accident and that Appellant was not at the scene. Mrs. Arcos testified that she saw a damaged vehicle leaving the scene and later identified the same vehicle at the apartment complex where Appellant was arrested. The testimony also established that Appellant did not return to the scene until he was placed under arrest at the apartment complex and brought there by Officers Robert Nieto and Jaime Payan. Point of Error Two is overruled.

In determining the factual sufficiency of the evidence and considering all of the evidence without viewing it in the light most favorable to the verdict, we find the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The evidence was uncontroverted that Appellant was involved in a hit and run accident, was not at the scene when the witnesses and police arrived, and that he did not return to the scene until he was transported there by police. Point of Error Three is overruled.

## B. Motion to Sever

In Point of Error One, Appellant argues that the trial court erred in not granting his pretrial motion to sever the offenses. The State maintains that the motion was untimely filed and even if the trial court erred in denying the motion, such error was harmless.

Appellant filed his motion to sever on the same day he was set to go on trial. He argued that under Section 3.04 of the Texas Penal Code, he had a mandatory right to severance of the offenses arising out of the same criminal episode. The trial court denied the motion "as being filed untimely." A request for severance of offenses under Section 3.04 of the Texas Penal Code is timely if it is made pretrial prior to the jury being sworn. *See Thornton v. State*, 986 S.W.2d 615, 617 (Tex. Crim.App.1999). Here, Appellant's motion was timely made and the trial court erred in denying it. We will now determine whether Appellant suffered harm from the trial court's error. *See* Tex.R.App.P. 44.2.

In *Llamas v. State*, 12 S.W.3d 469 (Tex. Crim.App.2000), the Court granted the State's petition for discretionary review to consider whether the court of appeals erred in failing to conduct the appropriate harm analysis regarding the trial court's error in denying appellant's motion to sever. *See id.* at 470. The court of appeals recognized that a Rule 44.2(b) harm analysis must be conducted pursuant to *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997). *See Llamas v. State*, 991 S.W.2d 64, 68 (Tex.App.—Amarillo 1998). The court of appeals also relied on *Warmowski v. State*, 853 S.W.2d 575 (Tex.Crim.App. 1993) in determining that "to hold that a mandatory right established by the state

legislature can be ignored by trial judges simply because it is not a constitutional right is to allow the judicial branch to ignore mandatory directives of the legislature." *Llamas*, 991 S.W.2d at 68 (citing *Ford v. State*, 977 S.W.2d 824, 827 (Tex. App.—Fort Worth 1998, no pet.)).

In *Warmowski*, the Court held that a trial court's failure to sever cases despite a defendant's objection to consolidating cases for trial was reversible error not subject to a harm analysis. *See Warmowski*, 853 S.W.2d at 581. Four years later, in *Cain*, the Court held that except for certain federal constitutional errors labeled by the United States Supreme Court as structural, no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. *See Cain*, 947 S.W.2d at 264. The Court of Criminal Appeals held in *Llamas* that the language in *Warmowski* indicating that severance error is never subject to a harm analysis was disavowed. *See Llamas*, 12 S.W.3d at 470.

Furthermore, the Court noted that when it stated in *Cain* that some errors may "defy" harm analysis, it did not mean that a harm analysis need not be conducted. *See Llamas*, 12 S.W.3d at 471. Rather, the Court stated that some errors will not be proven harmless because harm can never be determined due to the lack of data needed for analysis. *See id.* The Court then stated that the case at bar was not one where the error defies harm analysis and instructed that in order for appellate courts to determine harm, everything in the record must be considered, including all the evidence admitted at trial, the closing arguments, and, in the present case, the jurors' comments during voir dire. *See id.*

The Court dismissed the State's argument that the harm severance was meant to prevent, the risk that a defendant would suffer consecutive sentences, was ultimately impossible in the instant case because appellant was found not guilty of the possession of a controlled substance that was tried with the instant offense. *See id.* The Court noted that "various potentialities for harm other than consecutive sentencing exist when a defendant is denied the right to severance of offenses." *Id.* The Court stated that the rule allowing severance rested upon two legitimate concerns: (1) that the jury may convict a "bad man" who deserves to be punished—not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes, he probably committed the crime charged. *See id.* at 471–72 (citing 2 WAYNE R. LaFAVE, ISRAEL & KING, CRIMINAL PROCEDURE CRIMINAL PRACTICE SERIES, 17.1(d)(2nd ed. Supp.1999)).

The court of appeals noted that if not for the error, the jury would not have heard the evidence of appellant's cocaine charge which was admitted at trial. *See Llamas*, 991 S.W.2d at 69. The court observed the following:

It is conceivable that appellant would not have been convicted for either offense had he been granted his request for separate trials. Clearly, evidence as to the cocaine charge was admitted in this trial that would otherwise not be relevant to the possession of altered identification numbers, and vice versa. The record in this case shows that no less than five times during voir dire, venire-persons commented in front of the entire jury panel that they were concerned that appellant had two charges against him. This is exactly the type of harm that section 3.04 allows a criminal defendant, in his sole and absolute discretion, to choose to avoid.

*Llamas*, 991 S.W.2d at 69. Finding that the court of appeals was cognizant of the

concerns noted previously and conducted its harm analysis by following the directives of *Cain* coupled with the guidelines of Rule 44.2(b), the Court affirmed the judgment of the court of appeals. *See Llamas,* 12 S.W.3d at 472.

Turning to the case at bar, the State argues that the evidence of each of the crimes would have been admissible in a separate trial of the other offense as "same transaction contextual evidence" and cites *Rogers v. State,* 853 S.W.2d 29, 32–34 (Tex. Crim.App.1993) to support this position. The State reasons that because the jury would have heard the same evidence regardless of whether the offenses were tried separately in different trials or together in one, the joinder of the offenses in a single trial could *not* have affected Appellant's substantial rights. We agree. We find that a substantial right of Appellant was not affected and the error had no injurious effect on the jury verdict. Point of Error One is overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.