**Benito TOVAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–03–00588–CR.**

Court of Appeals of Texas, San Antonio.

April 20, 2005.

---

David A. Cuellar, Law Office of David A. Cuellar, San Antonio, for appellant.

Kevin P. Yeary, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

**OPINION**

Opinion by KAREN ANGELINI, Justice.

Benito Tovar was convicted of (1) producing and promoting a sexual performance by a child and (2) possession of child pornography. The trial court sentenced him to five years imprisonment. On appeal, Tovar brings six issues. We overrule all six issues and affirm the judgment of the trial court.

### BACKGROUND

Tovar met fifteen-year-old T.J. on a public bus; Tovar handed T.J. his business card, which provided the name of his photography business, "Studio Phoenix Photography," his phone number, and his email address. After their initial meeting, T.J. contacted Tovar by email and saw Tovar again on the public bus. T.J. was interested in Tovar's photography business because T.J. wished to work in the modeling industry. T.J. told Tovar that he was fifteen years old.

At around 9:00 a.m. on November 3, 2001, T.J. met Tovar at the River Center Mall food court. Tovar showed T.J. some pictures that he had taken. The pictures in Tovar's portfolio were of both men and women and depicted both fully clothed subjects and nude subjects. T.J. and Tovar then began walking around the mall, talking about scenery. Tovar then stopped walking and started taking pictures of T.J.

T.J. was wearing black pants and a shirt. Tovar asked T.J. to remove his shirt and took some pictures of him shirtless. They then moved to an area with a stairwell. Tovar then asked T.J. to remove his pants. T.J. complied, and Tovar began taking nude pictures of T.J. T.J. testified at trial that although he had never had nude pictures taken of himself before, he had told Tovar that he had posed for nude pictures in the past.

Because Tovar and T.J. were in a public space, they began to attract attention. Juan Hernandez, an employee of the City of San Antonio Parks and Recreation Department, called the Park Rangers. The Park Rangers arrived and stopped Tovar

and T.J. as they were attempting to leave. Both were arrested. Tovar gave a written statement to the police that was later admitted at trial. In his statement, he admitted that he took nude pictures of T.J. and that he knew that T.J. was fifteen years old. However, he did not believe that he was doing anything against the law:

> All I can say is that I don't feel I was doing anything wrong. What I was doing was to advance my photography to obtain a new client. It was never my intent to get [T.J.] into trouble. The plan was to show the pictures to his mom, and if she did not like them, they would keep the pictures. Now I know that despite what anyone would tell me, not to take their word for it. I mean anything that a sixteen year old would tell me about their past experience. I would not take their word for it any longer. I was not aware of the law that prohibits me from taking nude pictures of anyone under 18 until now that you have shown me the law from the blue book (Penal Code).

### PHOTOGRAPHS

■ In his first two issues, Tovar argues the following:

(i) Are the photographs in this case child pornography and was the appellant denied due process by lack of instruction regarding a definition of lewd; and

(ii) Should the trial court have granted the appellant's motion for directed verdict based on [the appellant]'s assertion that no evidence proving "lewd exhibition of the genitals" was provided by the State.

Although Tovar argues that the trial court should have granted his motion for directed verdict, "[w]e treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence." *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App.1996). Thus, we must decide whether the trial court should have given an instruction regarding the definition of "lewd" and whether there was legally sufficient evidence that the child in the photographs was lewdly exhibiting his genitals.

Tovar was charged with producing and promoting a sexual performance of a child in violation of section 43.25(d) of the Texas Penal Code and with possession of child pornography in violation of section 43.26. Specifically, Count I of the indictment charged Tovar with "intentionally and knowingly produc[ing] and promot[ing] a child younger than eighteen (18) years of age, namely [T.J.], to *engage in sexual conduct, by photographing the said child lewdly exhibiting his genitals*." (emphasis added). And, Count II charged Tovar with "intentionally and knowingly possess[ing] visual material containing an image that visually depicts a child younger than eighteen (18) years of age at the time the image of the child was made and said child is *engaging in sexual conduct, namely: lewdly exhibiting his genitals*, and the defendant knew that said visual material depicted said child engaging in sexual conduct." (emphasis added).

With regard to Count I, producing or promoting sexual performance by a child, section 43.25(d) provides that "[a] person commits an offense if, knowing the character and content of the material, he produces ... or promotes a performance that includes *sexual conduct by a child younger than 18 years of age*." TEX. PEN.CODE ANN. § 43.25(d) (Vernon Supp.2004–05) (emphasis added). "Sexual conduct" is defined as "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or *lewd exhibition of the genitals*, the anus, or any portion of

the female breast below the top of the areola." Tex. Pen.Code. Ann. § 43.25(a)(2) (Vernon Supp.2004–05).

With regard to Count II, possession of child pornography, section 43.26(a) provides,

A person commits an offense if: (1) the person knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who *is engaging in sexual conduct;* and (2) the person knows that the material depicts the child as described by subdivision (1).

Tex. Pen.Code Ann. § 43.26(a) (Vernon 2003). And, "sexual conduct has the same meaning assigned by section 43.25." Tex. Pen.Code Ann. § 43.26(b)(2) (Vernon 2003). Thus, both offenses as charged in the indictment require evidence of lewd exhibition of genitals by the child. "Lewd" is not defined by the penal code.

■■■ If a phrase, term, or word is statutorily defined, the trial court should submit the statutory definition to the jury. *Roise v. State,* 7 S.W.3d 225, 242 (Tex. App.-Austin 1999, pet. ref'd). The word "lewd" or the phrase "lewd exhibition of genitals" has not been statutorily defined by the legislature. *Id.* Words that are not statutorily defined are to be given their common, ordinary, or usual meaning. *Martinez v. State,* 924 S.W.2d 693, 698 (Tex.Crim.App.1996); *Roise,* 7 S.W.3d at 242. Thus, if the phrase or word is not statutorily defined, the trial court is not required to define the word or phrase to the jury. *Andrews v. State,* 652 S.W.2d 370, 375 (Tex.Crim.App.1983); *Roise,* 7 S.W.3d at 242. Only if the word or term does not have a common meaning that the jurors can be fairly presumed to know and apply, must a definition be supplied. *Roise,* 7 S.W.3d at 242. Normally, a trial court has broad discretion in submitting proper definitions and explanatory phrases

to the jury. *Id.; Macias v. State,* 959 S.W.2d 332, 336 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd).

■■■ In *Roise v. State,* 7 S.W.3d 225, 242 (Tex.App.-Austin 1999, pet. ref'd), and *Alexander v. State,* 906 S.W.2d 107, 111 (Tex. App.-Dallas 1995, no pet.), both defendants complained that the trial court did not define the term "lewd exhibition of genitals." Recognizing that this term was not statutorily defined, both courts of appeals held that the trial court was not required to define the term in the jury charge. *Roise,* 7 S.W.3d at 242; *Alexander,* 906 S.W.2d at 111. We agree. Because the term "lewd" is not statutorily defined and because "lewd" has a common meaning that jurors can be fairly presumed to know and apply, the trial court was not required to define "lewd" in the jury charge. *See Roise,* 7 S.W.3d at 242.

We note that Tovar relies on *Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990), for the proposition that the trial court's failure to instruct the jury on the definition of "lewdness" amounted to a violation of due process. *Osborne,* however, is distinguishable. In *Osborne,* the Ohio statute with which the defendant was charged provided that it was a crime for a person to "possess or view any material or performance that shows a minor who is not the person's child or ward *in a state of nudity,* unless one of the following applies ..." *Id.* at 106, 110 S.Ct. 1691 (emphasis added). The statute listed several exceptions, including material presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose. *Id.* Although the trial court noted that possession of nude photographs of children, without more, is constitutionally protected, it held, based on the statutorily-created exceptions, that the Ohio statute was not unconstitutionally overbroad because it ap-

plied only to depictions of nudity involving a lewd exhibition or graphic focus on a minor's genitals. *Id.* at 107, 110 S.Ct. 1691.

On appeal, the defense complained that despite its interpretation of the statute, the trial court had failed to instruct the jury that lewd exhibition and scienter were elements of the crime. *Id.* at 107, 123, 110 S.Ct. 1691. The defendant emphasized that a statute that criminalizes the possession of nude photographs of a child, without more, is unconstitutional. Thus, without an instruction explaining that the defendant would only be guilty of a crime if he *intentionally* possessed *lewd* nude photographs of a child, the jury possibly convicted him for constitutionally protected activities. Although the Supreme Court held that the defendant had failed to preserve his scienter allegation, it allowed him to argue that the trial court should have instructed the jury on "lewdness." *Id.* at 123–24, 110 S.Ct. 1691. Because the jury was not instructed that lewd exhibition was an element of the offense, the Supreme Court held that it was possible that the jury could have convicted the defendant without finding that the material was lewd. *Id.* 123–26, 110 S.Ct. 1691.

Significantly, the Supreme Court in *Osborne* did not hold that "lewd" must be defined; it held that because the Ohio statute could be unconstitutionally overbroad, the trial court should have instructed the jury that it could only convict the defendant if the photographs were lewd. In other words, mere nudity is not sufficient to convict. Here, however, the statute does not criminalize mere nudity of minors; it clearly only criminalizes activity where the minor is engaging in lewd exhibition of the genitals. Thus, the concerns presented in *Osborne* do not apply in this case.

We hold that the trial court did not err in failing to define "lewd" in the jury charge.

■ With regard to Tovar's legal sufficiency claim, we review the claim as prescribed by *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not weigh the evidence tending to establish guilt against the evidence tending to establish innocence, nor do we assess the credibility of witnesses on each side. *Ex parte Elizondo,* 947 S.W.2d 202, 205 (Tex.Crim.App.1996). We view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781; *Mosley v. State,* 983 S.W.2d 249, 254 (Tex.Crim.App.1998). If we determine that the evidence is legally insufficient, we must render a judgment of acquittal. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996).

■ Tovar argues that the evidence is legally insufficient because the photographs do not show a lewd exhibition of genitals by the child. We disagree. In determining whether a visual depiction of a child constitutes a lewd exhibition of genitals, courts should consider whether (1) the focal point of the visual depiction is the child's genitalia, (2) the place or pose of the child in the photograph is sexually suggestive, (3) the child is depicted in an unnatural pose or inappropriate attire, (4) the child is fully or partially clothed or nude, (5) the visual depiction suggests sexual coyness or a willingness to engage in sexual activity, or (6) the visual depiction is intended or designed to elicit a sexual response in the viewer. *Alexander v. State,* 906 S.W.2d 107, 110 (Tex.App.-Dallas 1995, no pet.).

Here, the photographs depict a progression of T.J. from a face and shirtless upper

body to showing T.J. fully nude. State's Exhibit 13 shows T.J.'s head and shirtless upper body. State's Exhibit 12 shows T.J.'s head, shirtless body, with his pants on, buttoned and belted. State's Exhibits 11 and 10 show T.J.'s head, his shirtless body with his pants on, but now unbuttoned, revealing pubic hair and what appears to be part of his penis. State's Exhibits 9 and 8 show T.J., completely nude, from the front. State's Exhibits 7 and 6 show T.J., completely nude, from behind and from the side as he leans forward over a railing on a staircase. State's Exhibits 5 and 4 show T.J., completely nude, from the front. State's Exhibits 3 and 2 show T.J., completely nude, from the back as he stands with his front side of his body up against a wall. In the photographs depicting T.J. from the front, he appears to have an erect penis.

In considering the factors noted above, the focal point of many of the visual depictions are the child's genitalia. The child's poses are sexually suggestive. The child is completely nude. Many of the visual depictions suggest sexual coyness or a willingness to engage in sexual activity. And, the visual depictions do appear to be intended or designed to elicit a sexual response in the viewer. Moreover, at trial, T.J. testified that Tovar directed him to remove his shirt and pants. According to T.J., Tovar directed him during the shoot. Additionally, Dr. Nancy Kellogg testified that in some of the photographs, T.J.'s penis appears to be partially erect, and in State's Exhibit 7, there appears to be a drop of pre-ejaculation fluid on the tip of T.J.'s penis.

We hold that the evidence is legally sufficient.

### INTENT

In his second issue, Tovar argues that the trial court erred in denying his "request to include case law from the Tex-as Appeals Court case *Alexander v. State* in the jury charge." Specifically, Tovar argues that the trial court should have instructed the jury that "whether the content of a photograph constitutes a lewd or lascivious exhibition of a child's genitals depends on the intent of the photographer." Tovar cites no legal support for his assertion that the trial court is required to include such language in a jury charge, *see* TEX.R.APP. P. 38.1(h), and we find none.

In Texas, trial courts have a duty to give their juries "a written charge distinctly setting forth the law applicable to the case." TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2004–05). Specifically requested charges may be refused where the instructions given by the court are adequate and fully protect the rights of the accused. *Parks v. State*, 437 S.W.2d 554, 557 (Tex.Crim.App.1969). Here, with respect to Count I, the jury was instructed that to find Tovar guilty, it must find that Tovar did *"intentionally or knowingly* produce or promote ... [T.J.], to engage in sexual conduct by photographing him lewdly exhibiting his genitals." (emphasis added). With respect to Count II, the jury was instructed that it was required to find that Tovar *"intentionally or knowingly* possessed visual material containing an image that visually depicts a child ... engaging in sexual conduct, namely: lewdly exhibiting his genitals, *and [Tovar] knew* that said visual material depicted said child engaging in sexual conduct." (emphasis added). This language properly placed the burden on the State to prove Tovar's mens rea as required by the relevant statutes. Moreover, the language tracked the language of the relevant statutes. As such, the instructions given adequately and fully protected Tovar's rights.

We overrule Tovar's third issue.

## JURY

■ In his fourth issue, Tovar argues that he was denied a fair trial because a juror "prejudged" his case. For support, Tovar attached a newspaper article and emphasizes a juror's quote in that article. This newspaper article, however, is not a part of the appellate record. We cannot look outside of the appellate record. *See Bowler v. State,* 822 S.W.2d 334, 334–35 (Tex.App.-San Antonio 1992, pet. ref'd). Tovar has not pointed to any part of the appellate record that would support his assertion that a juror was prejudiced against him. We overrule, Tovar's fourth issue.

## LESSER-INCLUDED OFFENSE

■ In his fifth issue, Tovar contends that because disorderly conduct is a lesser-included offense, the trial court should have instructed the jury on that offense. To determine whether a charge on a lesser-included offense should be given, we apply a two-prong test. *Feldman v. State,* 71 S.W.3d 738, 750 (Tex.Crim. App.2002). We must first decide whether the offense is actually a lesser-included offense of the offense charged. *Id.* Second, we determine whether there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty *only* of the lesser-included offense. *Id.*

■ Here, the first prong of this test is not met; disorderly conduct is not a lesser-included offense of either producing and promoting a sexual performance of a child or possession of child pornography. Article 37.09 of the Texas Code of Criminal Procedure defines a lesser-included offense as the following:

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). When we review a trial court's decision to deny the requested instruction, we consider the charged offense, the statutory elements of the lesser offense, and the evidence actually presented at trial. *Hayward v. State,* 158 S.W.3d 476, 478 (Tex. Crim.App.2005). More specifically, we examine the statutory elements of the charged offense as modified by the indictment. *Id.* Then, we examine the elements of the offense claimed to be a lesser-included offense to see if the elements are functionally the same as or less than those required to prove the charged offense. *Id.* Finally, we examine the evidence actually presented to prove the elements of the charged offense to see if that proof also shows the lesser-included offense. *Id.*

To commit the offense of disorderly conduct, a person must intentionally or knowingly expose his anus or genitals in a public place and be reckless about whether another may be present who will be offended or alarmed by his act. TEX. PEN. CODE ANN. § 42.01(a)(10) (Vernon Supp. 2004–05). In contrast, to commit the offense of sexual performance by a child, as charged in the indictment, a person must, knowing the character and content of the material, produce or promote a performance that includes sexual conduct by a child younger than 18 years of age. TEX. PEN.CODE ANN. § 43.25(b) (Vernon Supp.

2004–05). And, to commit the offense of possession of child pornography, as charged in the indictment, a person must knowingly or intentionally possess visual material that visually depicts a child younger than eighteen years of age at the time the image of the child was made who is engaging in sexual conduct and the person knows that the material depicts such a child. TEX. PEN.CODE ANN. § 43.26(a) (Vernon 2003).

In examining the statutory elements of the charged offenses as modified by the indictment against the elements of the claimed lesser-included offense of disorderly conduct, we conclude that the facts required to prove disorderly conduct and the facts required to prove the two charged offenses are not functionally equivalent. To prove disorderly conduct, the State would have had to present facts proving Tovar's recklessness about whether another may have been present who would have been offended or alarmed by the act. In proving the two charged offenses, however, the State was not required to present facts of Tovar's recklessness in this regard. *See Noyola v. State,* 25 S.W.3d 18, 21 (Tex.App.-El Paso 1999, no pet.) (holding that aggravated assault and disorderly conduct were not functionally equivalent because aggravated assault, as charged in indictment, did not require the State to prove that appellant made threats or acted in an "obviously offensive manner," as would be required under disorderly conduct). We, therefore, hold that disorderly conduct is not a lesser-included offense of either of the two charged offenses. Because disorderly conduct is not a lesser-included offense, Tovar was not entitled to an instruction. We overrule Tovar's fifth issue.

## SEVERANCE

In his sixth and final issue, Tovar argues that the trial court erred in denying his motion to sever. Generally, a trial court may consolidate cases for trial when the charged offenses arise out of the same "criminal episode." *Salazar v. State,* 127 S.W.3d 355, 363–64 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd); *see* TEX. PEN. CODE ANN. § 3.02(a) (Vernon 2003). However, a defendant generally has the right to demand that cases consolidated under section 3.02 be severed for trial, *see* TEX. PEN.CODE ANN. § 3.04(a) (Vernon 2003). This general rule is limited by section 3.04(c). Section 3.04(c) states,

The right to severance under this section does not apply to a prosecution for offenses described by section 3.03(b)(2) unless the court determines that the defendant or the State would be unfairly prejudiced by a joinder of offenses, in which event the judge may order the offenses to be tried separately or may order other relief as justice requires.

TEX. PEN.CODE ANN. § 3.04(c) (Vernon 2003). Section 3.03(b)(2), in turn, provides,

If the accused if found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of: ... (2) an offense: (A) under section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section ...

TEX. PEN.CODE ANN. § 3.03(b)(2) (Vernon 2003).

Here, Tovar was charged with violating sections 43.25 (sexual performance by a child) and 43.26 (possession of child pornography) of the Texas Penal Code. Because Tovar was charged with an offense listed in section 3.03(b)(2), the State ar-

gues that section 3.04(c) applies and as such, Tovar has no right to severance. Tovar, in contrast, emphasizes that one of the charged offenses, possession of child pornography, is not listed in section 3.03(b)(2). Thus, because both offenses were not listed in section 3.03(b)(2), he argues that section 3.04(c) does not apply and as such, he does have the right to severance.

■ We need not decide whether section 3.04(c) would apply here, because any error is harmless. In *Llamas v. State*, 12 S.W.3d 469, 470 (Tex.Crim.App.2000), the court of criminal appeals disavowed its holding in *Warmowski v. State*, 853 S.W.2d 575 (Tex.Crim.App.1993), that severance error is never subject to a harm analysis. In doing so, it relied on *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997), in which it held that, except for certain federal constitutional errors labeled by the Supreme Court as structural, no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. *See Llamas*, 12 S.W.3d at 470. As severance error is not structural error, it is subject to harmless error analysis, and we analyze any harm pursuant to Texas Rule of Appellate Procedure 44.2(b). *Id.* at 470-71. Under rule 44.2(b), we must determine whether the trial court's denial of Tovar's motion for severance affected a substantial right. *Id.* at 471-72; *see also* Tex.R.App. P. 44.2(b).

■ In determining harm, we consider the entire record. *See Llamas*, 12 S.W.3d at 471. The rule allowing severance rests upon two legitimate concerns: (1) that the jury may convict a "bad man" who deserves to be punished—not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes, he probably committed the crime charged. *Id.* at

471-72. Here, the State argues that any error is harmless because evidence of each of the crimes would have been admissible in a separate trial of the other offense. *See Dominguez v. State*, 62 S.W.3d 203, 208 (Tex.App.-El Paso 2000, pet. ref'd) (holding that severance error was harmless because evidence of each crime would be admissible in a separate trial of the other offense as same transaction contextual evidence). Thus, the jury would have heard the same evidence regardless of whether the offenses were tried separately in different trials or together in one. *See id.* We agree. Because the same evidence would be admissible regardless of whether the offenses were tried separately or jointly, we hold that any severance error did not affect a substantial right. We overrule Tovar's sixth and final issue.

CONCLUSION

Having overruled all issues, we affirm the judgment of the trial court.