

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00256-CR through 07-12-00276-CR

JOHN MARK HICKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 7439, 8524 through 8543,
Honorable Lee Waters and Honorable Phil N. Vanderpool, Presiding

August 28, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant John Mark Hicks appeals his convictions for one charge of indecency with a child[1] and twenty charges of sexual performance by a child[2] and the resulting sentences of twenty years of imprisonment for the indecency offense and ten years for each charge of sexual performance, all to be served consecutively. Through five

---

[1] Tex. Penal Code Ann. § 21.11 (West 2012).

[2] Tex. Penal Code Ann. § 43.25 (West 2012).

issues, appellant contends the trial court erred.  For the reasons that follow, we will reverse and remand in part and affirm in part.

Background

Appellant was indicted in November 2006 for indecency with a child, alleged to have occurred in June 2006. The indictments alleging twenty instances of sexual performance by a child, also alleged to have occurred in June 2006, were brought in February 2010.  Appellant plead not guilty to all the charges.  The matters were consolidated on the State's motion and tried to a jury.

Appellant does not challenge the sufficiency of the evidence supporting his convictions.  We relate only those facts necessary to disposition of his appellate issues. The victim of the indecency charge was appellant's daughter.  She was three years old in June 2006, nine years old by the time of trial.  The mother of the child testified that while she was getting her children ready for school one morning, the child told her "Daddy showed me how to do something last night and told me not to tell you."  The child then told her "Daddy had showed her how to lick him all over, up and down, around and round" on his "private area." At trial, the child testified appellant "made me lick his private part…two times."

Based initially on information provided by the child's mother, police took possession of their home computer for analysis of its hard drive.  The hard drive contained numerous images of child pornography.

Analysis

Consolidation for Trial

We begin with appellant's second issue, by which he contends the trial court erred by consolidating for trial the sexual performance cases with the indecency case.

A trial court's denial of a defendant's motion for severance is reviewed for abuse of discretion. *Salazar v. State,* 127 S.W.3d 355, 365 (Tex.App.—Houston [14th Dist.] 2004, pet. ref'd). A trial court abuses its discretion when its decision is arbitrary, unreasonable or made without reference to guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. Tex. Penal Code Ann. § 3.02(a) (West 2012). "Criminal episode" means the commission of two or more offenses, regardless whether the harm is directed toward or inflicted upon more than one person, if the offenses were committed pursuant to the same transaction or pursuant to two or more transactions that are connected to or constitute a common scheme or plan, or if the offenses are the repeated commission of the same or similar offenses. Tex. Penal Code Ann. § 3.01 (West 2012).

When two or more offenses have been joined for trial under section 3.02, the defendant generally has the right to insist on separate trials. Tex. Penal Code Ann. § 3.04(a) (West 2012). That general rule is limited, however, in the case of prosecutions of offenses described by Penal Code § 3.03(b), in which case the right of severance does not apply unless the trial court determines that the defendant or the State would

3

be unfairly prejudiced by joinder of the offenses. Tex. Penal Code Ann. § 3.04(c) (West 2012); *Lane v. State*, 174 S.W.3d 376, 380 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd); *Hayes v. State,* 166 S.W.3d 899, 901 (Tex.App.—Amarillo 2005, pet. ref'd); *Salazar,* 127 S.W.3d at 365. The offenses described by § 3.03(b) include the offenses with which appellant was charged.

The Legislature, under § 3.03(b), placed together all offenses under Penal Code sections 21.02, 21.11, 22.011, 22.021, 25.02, and 43.25 committed against a victim younger than 17 years of age at the time of its commission. Tex. Penal Code Ann. § 3.03(b) (West 2012). These offenses are similar by virtue of the sexual nature of the crimes against young victims. According to Professors Dix and Schmolesky, § 3.03(b) reflects the Legislature's belief that these offenses are particularly likely to be repeatedly committed against a child victim or to be committed against multiple child victims. 43 George E. Dix & John M. Schmolesky, Texas Practice: Criminal Practice and Procedure § 38:35 (3d ed. 2011). And the court in *Casey v. State,* 349 S.W.3d 825 (Tex.App.—El Paso 2011, pet. ref'd), cited legislative history of § 3.04(c) indicating that subsection "was intended to 'restrict defendants' right to multiple trials for serious sex offenses committed against children so that child victims cannot be forced to undergo multiple trials.'" *Id.* at 832 n.8. (citation omitted).

Here, after the State moved to consolidate the causes for trial, and appellant objected, the court held a hearing to address the motion. The hearing was brief. No evidence was taken. The State argued the indecency and sexual performance charges "arose out of the same transaction." Arguing for severance, appellant objected to the consolidation of the trials, arguing the crimes had different manners of commission,

4

differing elements and differing degrees of severity, and urged there was no direct linkage between them. The court later granted the State's motion.

Based on the scant information provided the trial court at its hearing on the State's consolidation motion, we must conclude the trial court abused its discretion by finding the offenses were properly consolidated for trial. Other than the facts the offenses both are listed in § 3.03(b) and occurred during the same time frame in the same residence, they have little connection.

Although indicted as violations of the prohibition of sexual performance by a child, the gravamen of the twenty charges was appellant's possession on his computer of downloaded pornographic images of children. At trial, the State's computer forensic expert testified that some of the images were copies of images often seen in child pornography cases.[3] He identified some from the "Baby J" series and some from the "Vicky" series, and testified both series were readily recognized by those who investigate child pornography cases.[4]

Appellant's daughter was the victim of his indecency, but not of the sexual performance offenses. None of the downloaded images in evidence were of the daughter, and no one suggests appellant took any of the pictures or knew any of the children depicted in them. There was no risk here that a child victim would be required to undergo multiple trials. *See Casey*, 349 S.W.3d at 832 n.8. Reiterated, based on the

---

[3] Several of the images supporting the twenty sexual performance charges were identical, a circumstance that forms the basis for appellant's first appellate issue asserting violation of his Double Jeopardy rights. We do not address that issue.

[4] Appellant has not challenged the sufficiency of the evidence supporting his convictions, and we do not intend our brief description here to be taken as an expression of opinion on the adequacy of the State's proof of sexual performance.

scant information related to the trial court by the State at the hearing on consolidation, we must conclude the trial court's grant of the motion was an abuse of discretion.

Severance error is subject to a harm analysis. *Llamas v. State*, 12 S.W.3d 469, 470 (Tex.Crim.App. 2000); *Tovar v. State*, 165 S.W.3d 785, 795 (Tex.App.—San Antonio 2005, no pet.). Appellant contends that he was harmed in his defense of the sexual performance charges by the jury's knowledge of the indecency with his daughter.[5] He makes no contention that joinder of the offenses for trial caused him harm in his defense of the indecency charge. With regard to harm, the State argues that evidence of the presence of child pornography on appellant's computer likely would have been admissible if the indecency case had been tried alone, and we agree. *See Tovar*, 165 S.W.3d at 795 (reaching similar conclusion in harm analysis). But we agree with appellant that requiring him to defend against the indecency charge before the same jury hearing the sexual performance charges affected his substantial rights in those cases. Tex. R. App. P. 44.2(b). Accordingly, we find the trial court's erroneous joinder of the cases for trial was reversible as to the twenty sexual performance charges, but not as to the indecency with a child offense. We sustain appellant's second issue, as to the sexual performance charges.

Restriction of Testimony During Punishment Phase

Through appellant's fourth issue, he asserts the trial court abused its discretion during the punishment phase of the trial by restricting him from eliciting testimony from a defense witness, appellant's mother, regarding his suitability for community supervision.

---

[5] Appellant argued at trial that others had access to the computer.

The State argues the court's ruling was within the zone of reasonable disagreement. *See Montgomery,* 810 S.W.2d at 391. We agree with the State, and overrule the issue.

Regardless whether the judge or the jury assesses punishment, the prosecution and the defense may offer evidence on "any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2012). Admissibility of evidence at the punishment phase of a non-capital trial is a function of policy, not a question of logical relevance. *Ellison v. State,* 201 S.W.3d 714, 719 (Tex.Crim.App. 2006). Relevancy in this context is "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Id.* *(quoting Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999)). Evidence of a defendant's suitability for community supervision is admissible when a defendant seeks community supervision. *Ellison,* 201 S.W.3d at 722.

There is no question that appellant's counsel was entitled to ask appellant's mother questions pertaining to appellant's ability to adhere to conditions that might be placed on him if he were placed on community supervision. Appellant concedes on appeal that he was able to ask some questions pertaining to community supervision but asserts his examination was cut short.

The record shows that, some thirteen pages into her testimony, counsel asked appellant's mother: "Are you aware that if this jury decided to grant probation and if your son returned to live with you, the probation officers would be permitted to go out to the ranch and visit any time?" Appellant's mother said "Oh, yes." Counsel asked a few follow-up questions and then said, "And I have a few questions about work." The prosecutor objected, "Your Honor, I'm going to object to this questioning with regards to

7

possible probation. Those are set by the Court and under the Court's discretion. So any further questioning I think is irrelevant with regards to this witness." The court sustained the State's objection.

But appellant's counsel continued to ask appellant's mother questions concerning his suitability for probation. He ascertained that, considering the "good and bad" of her son's life, she believed he warranted probation; that he had "positive potential," despite his conviction; that she understood there were things "he may not be able to do"; that from his time in the Army, he was able to follow orders; that he was accountable to others; that he lived up to his responsibilities; and that she considered him capable of following orders that would prevent him from being a danger to others. All of that questioning, coming after the court sustained the State's objection, related to appellant's suitability for community supervision.

After the prosecutor cross-examined appellant's mother, and after one question of redirect examination, and further cross-examination, the witness was excused from the witness stand. Appellant then raised the issue with the trial court, outside the presence of the jury, arguing there were additional questions concerning potential probation that he wanted to ask her.

From our review of the record, it is unclear to us that appellant would have been unable to ask the additional questions of appellant's mother that he listed for the court. It seems apparent from his examination of his mother after the objection was sustained that neither the prosecutor nor the court considered appellant foreclosed from exploration of the subject of community supervision. And, earlier in her testimony, appellant's mother testified to appellant's service in the Army, including deployment to

8

Saudi Arabia during hostilities, and his employment with Halliburton, as a guard in the Texas prison system and as a sheriff's deputy. She also testified to his support over the years, both financial and emotional in nature.

Considering the witness's testimony as a whole, and the uncertainty from the record of the extent of any limitation imposed by the court's ruling, we cannot say the trial court abused its discretion when it sustained the State's objection. We resolve appellant's fourth issue against him.

Other issues

Appellant's other three appellate issues relate to trial of the sexual performance charges. He asserts (1) violation of his Double Jeopardy rights; (2) jury charge error; and (3) an impermissibly disproportionate 220-year sentence resulting from the stacking of the one second-degree felony and twenty instances of third-degree felonies. Given our reversal of his convictions on the sexual performance charges, we need not address any of these others. Tex. R. App. P. 47.1.

Conclusion

The trial court's judgment in its cause number 7439, convicting appellant of indecency with a child, is affirmed. The judgments in trial court cause numbers 8524 through 8543, convicting appellant of sexual performance of a child, are reversed and the causes are remanded to the trial court for further proceedings.

James T. Campbell
Justice

Do not publish.

9